2026 WL 3232870
Only the Westlaw citation is currently available.
United States District Court, W.D. Texas, San Antonio Division.

RALPH FELICIANO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; Plaintiff,
v.
RED MCCOMBS HYUNDAI NORTHWEST GP, L.L.C., Defendant.

Case No. SA-26-CV-00200-JKP
|
Filed 10/28/2026

**Attorneys and Law Firms**

Andrew John Shamis, Angelica Gentile, Christopher Berman, Shamis & Gentile, P.A., Miami, FL, for Plaintiff.

William Joel Akins, Pierson Ferdinand, LLP, Austin, TX, McCall K. Bauersfeld, Scottsdale, AZ, for Defendant.

**MEMORANDUM OPINION AND ORDER**

JASON PULLIAM UNITED STATES DISTRICT JUDGE

***1** Before the Court is Defendant Red McCombs Hyundai Northwest GP's (McCombs) Mo-tion for Judgment on the Pleadings. *ECF No. 17.* Plaintiff Ralph Feliciano responded. *ECF No. 18.* Upon consideration, the Motion is **DENIED**.

**Factual Background**

Plaintiff Ralph Feliciano brings suit against McCombs Group for using automated tele-phone equipment in violation of the Telephone Consumer Protection Act ("TCPA"). Feliciano alleges McCombs made prerecorded solicitation calls and left telemarketing text messages on his cellphone despite being registered on the National Do-Not-Call Registry (the "DNCR") and without consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(b)(1)(A)(iii), (c)(5).

McCombs moves to dismiss Count II of this action that involves the text messages left on Feliciano's cellphone. McCombs argues the term "telephone call" as used in the TCPA, specifi-cally, 47 U.S.C. § 227(c)(5), does not encompass text messages.

**Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same legal standard as a motion to dismiss filed under Federal Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

To warrant dismissal under Federal Rules 12(b)(6) and (c), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6), 12(c); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theo-ry." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the com-plaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996).

To survive a motion to dismiss, a plaintiff does not need to provide detailed factual alle-gations but must provide grounds of his entitlement to relief. This pleading requirement necessi-tates "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, the court's task is to identify the elements of a cause of action and then determine whether the plaintiff pled sufficient factual allegations in support of the asserted elements to state a plausible claim, and thereby, survive a motion to dismiss. *Cicalese v. Univ. of Tex. Med Branch*, 924 F.3d 762, 766–67 (5th Cir. 2019).

The court's review is limited to the complaint and any documents attached to the motion to dismiss, which are also referred to in the complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg.*

*Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When re-viewing the complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d at 324).

**Discussion**

***2** The TCPA creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). This Motion pertains only to the critical legal issue whether the telemarketing text messages left on Feliciano's cell-phone constitute a "telephone call" subject to the TCPA's Do-Not-Call restriction.

Recent TCPA jurisprudence reflects a growing split among district and circuit courts on this legal issue. *See Duron v. Kings Capital Holding LLC*, No. 3:25-CV-00149, 2026 WL 319779, at *5 (W.D. Tex. Jan. 13, 2026), rep. & rec. adopted, 2026 WL 316037 (Feb. 5, 2026). This Court will not discuss this jurisprudence because it is thoroughly discussed in *Duron. See id.* Although the Fifth Circuit has not ruled on this issue, the Court finds persuasive extensive authority within the district courts of Texas and the Fifth Circuit, in which courts consistently hold the TCPA applies to text messages. *See id.*; *Callier v. The Finish Line*, No. 3:25-CV-2331, 2026 WL 2654093, at *3-*6 (N.D. Tex. Aug. 19, 2026), rep. & rec. adopted, 2026 WL 2648113 (Sept. 8, 2026); *Callier v. Am. Auto Group LLC*, No. 3:25-CV-00231, 2026 WL 1741206, at *7 (W.D. Tex. May 29, 2026), rep. & rec. adopted, 2026 WL 1738124 (June 16, 2026); *Alvarez v. Fiesta Nissan, Inc.*, No. 7:25-cv-343, 2016 WL 202930, at *3-6 (S.D. Tex. Jan. 26, 2026); *McGonigle v. Shopperschoice.com, L.L.C.*, No. 25-152, 2026 WL 413198, at *4-6 (M.D. La. Feb. 13, 2026); .

Persuaded by the reasoning of these and the overwhelming majority of cases, this Court concludes the term "telephone call" incorporates text messages under the TCPA, and thereby, receipt of telemarketing text messages on a cellphone registered on the Do-Not-Call List are ac-tionable under 47 U.S.C. § 227(c)(5). The Court declines McCombs's request to follow the Sev-enth Circuit in *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532, 540 (7th Cir. 2026), which holds only telephone calls and not text messages fall within the private right of action created by § 227(c)(5). For this reason, McCombs's Motion for Judgment on the Pleadings will be denied.

**Conclusion**

For the reasons stated, McCombs's Motion for Judgment on the Pleadings is **DENIED**. *ECF No. 17.*

It is so ORDERED.

SIGNED this 28th day of October, 2026.

**All Citations**

Slip Copy, 2026 WL 3232870

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.